# ATTACHMENT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-05883-DMG (VBKx)** | Date | June 7, 2013 |
| Title | *James J. Braddock v. Angelina Jolie, et al* | Page | 1 of 7 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS – ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND COSTS [DOC. # 105]**

## I.
## INTRODUCTION

On March 29, 2013, this Court granted Defendants' motion for judgment on the pleadings. [Doc. # 96.] On April 22, 2013, after dismissing the unserved Defendants Edin Sarkic and Scout Film, the Court issued a judgment in favor of Defendants Angelina Jolie, GK Films, LLC, and FilmDistrict Distribution, LLC and against Plaintiff James J. Braddock. [Doc. # 98.] Plaintiff filed a notice of appeal on April 26, 2013. [Doc. # 101.]

On May 6, 2013, Defendants filed the instant motion for attorney's fees. [Doc. # 105.] Plaintiff opposed the motion on May 15, 2013. [Doc. # 113.] Defendants filed their reply on May 24, 2013. [Doc. # 115.] The Court held a hearing on the motion on June 7, 2013. Having considered the parties' arguments as presented in their briefs and at oral argument, the Court now renders its decision. For the reasons set forth below, Defendants' motion for attorney's fees is **DENIED**. Defendants' request for taxable costs is **GRANTED**.

## II.
## FACTUAL BACKGROUND

Plaintiff commenced this action by filing the Complaint in the Northern District of Illinois on December 2, 2011, before Honorable Robert M. Dow, United States District Judge. [*See* Doc. # 1.] On December 6, 2011, Plaintiff filed an *Ex Parte* Application for a Temporary Restraining Order ("TRO") enjoining release of Defendants' film, *In the Land of Blood and Honey*, which had been released on a limited basis the day before and was set for national release on December 23, 2011. [Doc. ## 5, 6.] Plaintiff orally withdrew the motion at a hearing on December 9, 2011. [Doc. # 13.] Judge Dow instructed Plaintiff to demonstrate whether (1) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-05883-DMG (VBKx)** | Date | June 7, 2013 |
| Title | *James J. Braddock v. Angelina Jolie, et al* | Page | 2 of 7 |

court had personal jurisdiction over all the parties in the Northern District of Illinois, (2) venue was proper in that district, and (3) the case should nevertheless be transferred to the Central District of California. (*Id.*) Plaintiff responded to the order by filing a brief attempting to address Judge Dow's concerns. [Doc. # 15.]

On March 6, 2012, Defendants filed motions to dismiss and/or transfer the case to the Central District of California. [Doc. ## 35, 38.] Judge Dow granted the motion to transfer on June 15, 2012, and the case was received in this Court on July 10, 2013.[1] [Doc. # 51.] The parties exchanged initial disclosures on November 30, 2012, and for the first time Plaintiff produced a copy of his book, *Slamanje Duse*, which forms the basis for his Complaint. (Decl. of Harrison J. Dossick ¶ 10(f) [Doc. # 105-2].) Prior to that date, Defendants had not seen the book. (*Id.*) The parties continued discovery, and on February 22, 2013, Defendants filed their ultimately successful motion for judgment on the pleadings. (*Id.* ¶ 10(k).)

Harrison J. Dossick, of Reed Smith, LLP, has been lead counsel on this case since its inception in December 2011. (Dossick Decl. ¶ 1.) In December 2011, Dossick was a partner in the Los Angeles office of Katten Muchin Rosenman, LLP, which Defendants initially retained to litigate this case. (*Id.* ¶ 4.) At the start of the case, Dossick enlisted his then-partner, Kristin Achterhof, and an associate, Cathay Smith, both in Katten's Chicago office, to assist him on the case. (*Id.* ¶ 5.) Dossick, Achterhof, and Smith were the primary attorneys on the case until February 2012, when Dossick left Katten and became a partner at Reed Smith. (*Id.* ¶ 4.) Katten remained counsel on the case until July 17, 2012, after the case was transferred to this Court. (*Id.* ¶ 8.) At that time, Reed Smith substituted in as counsel for Defendants, and Dossick handled the case with an associate, Christine Neuharth, through its close in April 2013. (*Id.*) Although several other attorneys devoted time to the case at times, Dossick, Neuharth, Achterhof, and Smith have been primarily responsible for the case. Dossick's declaration describes each attorney's professional experience and hourly rates. (*See id.* ¶ 4, Ex. B; ¶ 6, Ex. C; ¶ 9, Ex. D.)

### III.
### LEGAL STANDARD

The Copyright Act of 1976 vests district courts with the discretion to award "a reasonable attorneys' fee to the prevailing party." *Love v. Assoc. Newspapers, Ltd.*, 611 F.3d 601, 614 (9th Cir. 2010) (quoting 17 U.S.C. § 505). The Court also has discretion to award "full costs" to the prevailing party. 17 U.S.C. § 505. In deciding whether to award attorney's fees, courts generally consider factors including "(1) the degree of success obtained; (2) frivolousness;

---

[1] Hereinafter, the Court refers to the period of litigation prior to transfer to this Court as the "Illinois phase."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-05883-DMG (VBKx) | Date | June 7, 2013 |
|---|---|---|---|
| Title | *James J. Braddock v. Angelina Jolie, et al* | Page | 3 of 7 |

(3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence." *Id*. (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)). An attorneys' fees award is reasonable if based on a reasonable number of hours expended and a reasonable hourly rate. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 561 (9th Cir. 1996); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).

## IV.
## DISCUSSION

### A.    Defendants Are Not Entitled to an Award of Full Attorney's Fees

The Court first considers whether an award of fees and costs is appropriate under the *Fogerty* factors. First, Defendants were successful in the action: their motion for judgment on the pleadings resolved all substantive issues in the case and the Court found that Defendants are not liable to Plaintiff for copyright infringement.

That Plaintiff's claims were unsuccessful, however, does not render them frivolous or objectively unreasonable. A frivolous claim is one that "lacks an arguable basis either in law or in fact" or is not "colorable" or is "without arguable merit." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *see also Bibbero Sys., Inc. v. Colwell Sys., Inc.*, 893 F.2d 1104, 1109 (9th Cir. 1990) (prevailing defendant not entitled to attorney's fees even after prevailing on summary judgment that the claimed copyright was invalid as a matter of law). Although the Court found that Plaintiff's book and Defendant's film were not substantially similar under the extrinsic test for copyright infringement, there was a colorable basis for Plaintiff to bring the claims. Defendants assert that Plaintiff was unreasonable to bring the suit before even seeing the film, but his claims were based in part on alleged communications with members of the filming team prior to its release, not just on the contents of the film itself. Notwithstanding that the claims were ultimately unsuccessful, the Court does not find that they were objectively unreasonable on their merits.

Nevertheless, several aspects of Plaintiff's litigation tactics in this case were unreasonable. Plaintiff initiated the action in the Northern District of Illinois, despite the fact that the only party with any ties at all to Illinois was Film District, LLC, which, although organized in Illinois, was not alleged to have carried out any business in connection with the film there. Plaintiff's decision to file in Illinois was ultimately rejected when Judge Dow transferred the case to this Court, but in the interim Defendants were forced to defend against an *Ex Parte*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 12-05883-DMG (VBKx)** | Date | June 7, 2013 |
| Title | *James J. Braddock v. Angelina Jolie, et al* | Page | 4 of 7 |

Application for a TRO and file motions to transfer or dismiss in a district with virtually no connection to the facts underlying the action. Moreover, Plaintiff's decision to seek a meritless TRO, after the first release of the film and without notice to Defendants, required Defendants to expend substantial time and resources that were effectively wasted when Plaintiff voluntarily withdrew the motion. It appears from the record that Plaintiff had no objective basis for pursuing his claims in Illinois, particularly after Judge Dow's order in December 2012, and yet he continued to pursue the case there for nearly seven months.

Defendants also allege that Plaintiff's tactics cast doubt on his motivations for pursuing the action. It is true that Plaintiff failed to provide Defendants with a copy of the book—the most critical piece of evidence in this case—until November 30, 2012, nearly one year after initiation of suit. (*See* Dossick Decl. ¶ 10(f).) Plaintiff also failed to amend his Complaint after the film's release. Defendants also point to several websites, posted by Plaintiff's counsel, which they believe evince an interest in inducing an unwarranted settlement. (*Id.* ¶¶ 18, 19, Exs. V, W.) Although these facts suggest that Plaintiff's pursuit of the action may have been bad judgment, they do not demonstrate bad faith. On the present record, the Court does not find that Plaintiff pursued this action with improper motives.

The Court finds that the *Fogerty* factors do not justify an award for the entirety of this case.[2] Plaintiff's substantive claims were not frivolous or unreasonable, and Defendants are not entitled to full compensation merely because they were successful in their dispositive motion. Initiation of the suit in Illinois, however, was not reasonable and unnecessarily cost Defendants significant time and resources. Thus, the Court will examine whether Defendants are entitled to reasonable compensation for services rendered during the Illinois phase.

B.     **Defendants Fail to Establish That Their Request for Fees is Reasonable**

Courts use a two-part test to determine whether a fee is reasonable. *Pennsylvania v. D.E. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). First, the Court must determine a "lodestar" amount by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Id.* Second, the Court may increase or

---

[2] At oral argument, defense counsel urged the Court to award fees in this matter to serve the important purpose of deterring Plaintiff and other litigants from pursuing meritless copyright claims and from using aggressive publicity tactics to force settlement. The purpose of awarding fees is not to discourage artists from defending their works due to the threat of attorney's fees. *See Fogerty*, 510 U.S. at 517-18. To the extent any deterrence is necessary under the circumstances of this case, that purpose is adequately served by the Court's order granting Defendants' motion for judgment on the pleadings and the subsequent award of taxable and nontaxable costs against Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 12-05883-DMG (VBKx) | | Date | June 7, 2013 |
|---|---|---|---|---|

| Title | *James J. Braddock v. Angelina Jolie, et al* | Page | 5 of 7 |
|---|---|---|---|

decrease this amount depending on the circumstances. *Id.* at 564-65. Although the lodestar amount is entitled to a strong presumption of reasonableness, Defendants bear the burden of proving that their hourly rate and hours billed are reasonable. *See Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262-63 (9th Cir. 1987). A reasonable hourly rate is generally the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citing *Barjon v. Dalton*, 132 F.3d 496, 502 (9th Cir. 1997)). In general, the relevant community for this determination is the forum in which the district court sits, unless local counsel was unavailable or lacked the necessary experience, expertise, or specialization to handle the case. *Id.*

There are numerous flaws with defense counsel's billings that prevent the Court from determining a reasonable fee award. First, Defendants request an award of $350,000.00 for the entire litigation. (*See* Mot. at 11.) Defendants do not disclose their billing rates for this case because it was billed pursuant to a confidential insurance contract, but they provide their "normal" rates as evidence that the amount sought is reasonable.[3] (Dossick Decl. ¶¶ 12-13.) These "normal" rates during the Illinois phase of this case were as follows:[4]

| Attorney | 2011 Billing Rate | 2012 Billing Rate |
|---|---|---|
| Dossick | $635/hour | $675/hour |
| Achterhof | $550/hour | $590/hour |
| Smith | $430/hour | $480/hour |

Defendants do not provide any information as to the billing rates of the numerous other attorneys who assisted the primary attorneys throughout the Illinois phase, yet they ask the Court to allow recovery for the work of these attorneys. (*See* Dossick Decl. ¶¶ 11, 14, Exs. M, N.) As a preliminary matter, the Court will not award fees for these attorneys, as it has no information on their experience and rates and thus no means of determining the reasonableness of their fees.

Defendants also fail to provide any external evidence, such as surveys or affidavits from unrelated attorneys, to demonstrate the reasonableness of their own fees. Instead, Defendants contend that the amount sought, $350,000, is reasonable because it is significantly less than what the bill would have been had they charged their "normal" rates. Dossick represents that the

---

[3] Defendants offer to make their actual rates for this case available to the Court for *in camera* review. In light of the other deficiencies in Defendants' motion, however, such review is unnecessary.

[4] Because Neuharth did not begin working on the case until after transfer, her rates and hours are not included in the Court's analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-05883-DMG (VBKx)** | Date | June 7, 2013 |
|---|---|---|---|
| Title | ***James J. Braddock v. Angelina Jolie, et al*** | Page | 6 of 7 |

attorneys expended in excess of 800 hours total defending against Plaintiff's suit. (Dossick Decl. ¶ 11.) Assuming, *arguendo*, that the requested $350,000 was the total amount billed, counsel would have billed at an average hourly rate of approximately $437.50. While this amount is significantly less than the "normal" rates of Dossick and Achterhof, Defendants still provide no evidence to demonstrate that this rate would be "reasonable" compared to the rates of other attorneys of similar skill and experience in Illinois. *See Camacho*, 523 F.3d at 979.

More importantly, counsel relies on block billing to report the vast majority of the billed hours during the Illinois phase. *See Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1128-29 (9th Cir. 2008) (denial of fees was justified where counsel "block-billed" their time, "thereby frustrating the Court's efforts to determine whether the fees were, in fact, reasonable"). Most of the substantive hours logged are described in a block manner, grouping together multiple tasks under a single amount of hours such that the Court cannot discern whether the amount of time spent on each individual task was reasonable. For example, on December 7, 2011, Achterhoff billed 5.4 hours which she described as including "Review court docket, review Complaint, review Ex Parte Motion for Temporary Restraining Order, conferences with Floyd Mandell, Cathay Smith and Harrison Dossick; follow-up emails with Harrison Dossick and associates; telephone call with Harrison Dossick to discuss [REDACTED]; review initial research." (Dossick Decl. ¶ 11, Ex. M at 2.) As itemized, counsel's billing logs do not allow the Court to discern whether counsel expended a reasonable amount of time on individual phone calls, conferences, research assignments, and other tasks.

Equally problematic is the fact that portions of these block-billed records are redacted "to shield irrelevant entries from another matter and to protect attorney-client privilege and confidentiality." (Dossick ¶ 11.) For example, on January 19, 2012, Smith billed 7.6 hours which she described as including "Research motions for more definite statement; [REDACTED]; draft motion to transfer under 1404(a)," and three conference calls with other attorneys regarding redacted matters. (*Id.* at 5.) As a result, the Court cannot discern whether the redacted portions are concealed to protect confidential material or because they relate to another matter entirely.

In short, even assuming Defendants merit an award of fees for the Illinois phase, they fail to establish that their hourly rates or the number of hours billed are reasonable. *See Jordan*, 815 F.2d at 1262-63. Defendants fail to provide sufficient evidence to establish that either their "normal" rates or their blended rates are reasonable in the relevant community. Moreover, although they provide their hour logs, their hours are recorded in such a way as to make it impossible for the Court to determine whether a reasonable amount of time was spent by multiple attorneys on tasks related to this case. Accordingly, Defendants' motion for an award of attorney's fees is denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 12-05883-DMG (VBKx)** | Date | June 7, 2013 |
|---|---|---|---|
| Title | *James J. Braddock v. Angelina Jolie, et al* | Page | 7 of 7 |

### C. An Award of Nontaxable Costs is Merited

Defendants also request an award of $2,638.87 for courier services and electronic legal research. (*See* Dossick Decl. ¶ 15, Exs. O, P.) Counsel's record of costs does not suffer from the same deficiencies as the fee logs. The cost records are clearly itemized and the amounts billed appear to be reasonable. Accordingly, the Court will award Defendants nontaxable costs in the amount of $2,638.87.

## V.
## CONCLUSION

In light of the foregoing, Defendants' motion for attorney's fees is **DENIED**. Defendants' request for nontaxable costs in the amount of $2,638.87 is **GRANTED**.

**IT IS SO ORDERED**.