Andrew E. Monach (CA SBN 87891)
amonach@mofo.com
Nicholas S. Napolitan, (CA SBN 251762)
nnapolitan@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:  415-268-7000
Facsimile:  415-268-7522

Attorneys for Defendant
Sheet Metal and Air Conditioning
Contractors' National Association, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PUBLIC.RESOURCE.ORG<br><br>Plaintiff,<br><br>vs.<br><br>SHEET METAL AND AIR CONDITIONING CONTRACTORS' NATIONAL ASSOCIATION, INC.<br><br>Defendant. | Case No. cv-13-0815 (SC)<br><br>**DECLARATION OF VINCENT R. SANDUSKY IN SUPPORT OF PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND IN OPPOSITION TO REQUEST FOR ATTORNEYS' FEES** |

I, Vincent R. Sandusky, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am the Chief Executive Officer of the Sheet Metal & Air Conditioning Contractors' National Association (SMACNA).

2. SMACNA is a non-profit, international association of sheet metal contractors that develops and publishes technical standards, safety guidelines and

Declaration of Vincent R. Sandusky in Support of Partial
Opposition to Motion for Default Judgment and in Opposition to Request for Attorneys' Fees
Case No. C-13-0815
sf-3296522

manuals for its members, and provides labor-management relations services, business management education, public policy advocacy and industry promotion activities.

3. SMACNA customarily files for copyrights on its published materials with the United States Copyright Office. SMACNA receives revenue from selling these copyrighted materials. In keeping with this practice, SMACNA obtained a registered copyright in its 1985 HVAC Air Duct Leakage Test Manual (hereafter, the "Disputed Copyrighted Publication") and sold copies of that publication to its members and to the general public. The Disputed Copyrighted Publication bore a copyright notice and a notice that it could not be reproduced in any form without the prior written permission of the publisher. SMACNA no longer sells the Disputed Copyrighted Publication, because it has been superseded by other publications.

4. While SMACNA has proven itself as an industry-leading authority in heating, ventilation, and air conditioning technical and safety matters, SMACNA does not publish its materials with the exclusive or primary goal that any legislative or regulatory body incorporate the materials into the law.

5. As a non-profit organization, SMACNA seeks to safeguard its assets, serve its members, and mitigate unnecessary business expenses that undermine its mission. For example, SMACNA seeks to protect its copyrighted publications because SMACNA understands that infringement of its material(s) adversely affects

Declaration of Vincent R. Sandusky in Support of Partial
Opposition to Motion for Default Judgment and in Opposition to Request for Attorneys' Fees
Case No. C-13-0815
sf-3296522

SMACNA's revenue stream and sustained viability. However, SMACNA's protection of its copyrights does not overshadow SMACNA's focus on its core mission to its members.

6. SMACNA must make difficult decisions based on its limited resources. In this case, Plaintiff apparently is a well-funded organization with a principal and attorneys intent on pursuing public policy change via litigation. The article from Bloomberg Businessweek attached hereto as Exhibit A summarizes my current understanding of plaintiff and its goals and tactics. http://www.businessweek.com/articles/2012-04-12/one-mans-quest-to-make-information-free  When Plaintiff filed its lawsuit for declaratory relief, SMACNA found itself in a no-win situation. It could protect its copyright in an outdated publication by expending hundreds of thousands of dollars against opponents with enormous resources, or simply default.

7. SMACNA decided that while it vehemently disagrees with Plaintiff's arguments, the cost of defending the continuing copyright in the Disputed Copyrighted Publication exceeded the value of that publication to SMACNA. Accordingly, the only viable option not to waste its fixed organizational resources was to default, even though I felt we had a strong legal case against Plaintiff and could have counterclaimed for copyright infringement.

8. SMACNA has no intention of pursuing litigation against Plaintiff related to the subject matter of this litigation, which I thought was made clear by

Declaration of Vincent R. Sandusky in Support of Partial
Opposition to Motion for Default Judgment and in Opposition to Request for Attorneys' Fees
Case No. C-13-0815
sf-3296522

SMACNA's counsel informing the Plaintiff that SMACNA would not respond to the Complaint. SMACNA simply sought the lowest cost manner in which to end the litigation, especially in light of Plaintiff's apparent goal of litigating public policy change.

9. Had Plaintiff requested a license to use the Disputed Copyrighted Material or requested a covenant not to sue from SMACNA, SMACNA would have agreed. Instead, Plaintiff unnecessarily filed a voluminous brief with the Court and now seeks to assess its attorneys' fees against SMACNA.

10. In any event, to be absolutely clear, as an authorized agent of SMACNA, I hereby enter into a binding obligation on behalf of SMACNA that it will not pursue litigation against Plaintiff based on copyright infringement of the Disputed Copyrighted Publication. To the extent any additional legal documentation is deemed necessary by the Court or Plaintiff to effectuate this binding obligation on SMACNA, I agree to promptly execute and provide such reasonable documentation upon request.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of June, 2013

*Vincent R. Sandusky*
Vincent R. Sandusky

Declaration of Vincent R. Sandusky in Support of Partial
Opposition to Motion for Default Judgment and in Opposition to Request for Attorneys' Fees
Case No. C-13-0815
sf-3296522